TERRELL, Justice.
Appellee, a dentist from Peekskill, N. Y., came to Orlando, Florida, with his family for a vacation. December 22, 1949, he was riding a city bus that was struck by appellant’s truck in the rear as it was standing for a passenger to get aboard. Ap: pellee claiming that he felt pain in his lower back when the collision occurred, brought this action to recover damages for personal injuries on account of appellant’s negligence. A trial resulted in a verdict and judgment for appellee in the sum of $32,743. On motion for new trial the Court ordered a remittitur in the sum of $18,321. On petition for rehearing the trial court receded from its order granting .a remitti-tur, denied the motion for new trial and entered final judgment on the verdict. This appeal is from the final judgment.
It is contended, (1) that plaintiff had a diseased back long before the accident and refused to take treatment or submit to an operation that would likely have minimized his injury very much, (2) the fact that defendant was covered by insurance was injected into the-- trial, and while the trial court instructed the jury -not to consider that, its harm was not removed, (3) the judgment is excessive.
We have examined the record and the briefs and it is clear that appellee went to a doctor immediately after the accident, that he was examined, that some ,x-rays were taken which showed an abnormal , back prior to the accident. He was not hospitalized and the entire cost of treatment, examination at hospital, supplies, x-rays, masseurs, prescription and incidentals, was $269.69. He returned to his office in Peek-skill January 5, 1950, two weeks after the accident and continued his practice as a dentist. For the years 1949, 1950 and 1951 there is shown to be some, though riot a large, decline in his income. He continued to practice up to the time of the trial.
The accident was a minor one. The city bus had stopped to pick up a passenger and before the passenger was seated, the truck came up from the rear and struck the bus lightly. The passenger who was boarding the bus hardly realized what had happened. There were a number of passengers on the bus and none of them were shaken up or disturbed. One passenger testified that the collision did not push the bus forward sufficiently to register. Other testimony was to like import.
 We would not say that refusal to submit to an operation to minimize the damage was error, though it was shown that such operations in 65 per cent of the cases were successful and completely relieved the trouble. The rule seems to be that one will be required to submit to an operation only when a reasonably prudent man under the circumstances would do so. The plaintiff in this case appears' to have been willing to take the operation because he submitted evidence to the jury as to its cost. If taken and it had resulted in a cure, it should have- been considered in mitigation of damages.
*842 It is true that the insurance element got into the trial in a rather casual manner and the court instructed the jury not to consider it, but it is very doubtful that its evil effect was cured. We cannot see sufficient predicate in the record for a $32,743 judgment. There must be substantial support for a judgment of this size and the record must have some relation to it. We are hesitant to grant a new trial in a case like this but we think the ends of justice require that it be done. The judgment should be reversed for a new trial on the question of damages only.
■Reversed for a new trial on the question of damages only.
Reversed.
ROBERTS, C. J., and THOMAS and MATHEWS, JJ., concur.
HOBSON and DREW, JJ., and MIL-LEDGE, Associate Justice, dissent.